### CITY OF ST. JOSEPH v. VAIL.

Taxation—Suits by City—Wards.

>   Under 1 Comp. Laws, § 3863, providing that taxes shall be-
>   come a debt to the township, ward, or city from the persons
>   to whom they are assessed, a suit should be brought by the
>   city and not the ward to recover taxes assessed in a ward for
>   city purposes and made collectible by the city treasurer, al-
>   though each ward has a supervisor and a separate tax roll.

Error to Berrien, Coolidge, J. Submitted June 10, 1904. (Docket No. 151.) Decided July 16, 1904.

Assumpsit by the city of St. Joseph against Leona F. Vail for taxes. There was judgment for plaintiff, and defendant brings error. Affirmed.

*James O'Hara*, for appellant.

*N. A. Hamilton*, for appellee.

HOOKER, J. A tax of $162.47 was assessed against the defendant on the tax roll of the Third ward of the city of St. Joseph. She refused to pay the tax, and the city brought an action in its own name, as plaintiff, to recover said tax. A verdict and judgment being rendered for the city, the defendant has brought error; contending that the tax is by statute made due to the ward, and not the city, and therefore the city cannot recover.

Counsel bases his contention upon section 3863, 1 Comp. Laws, which provides:

"(3863). SEC. 40. The taxes thus assessed shall be- come at once a debt to the township, ward, or city from the persons to whom they are assessed."

In St. Joseph each ward has a tax roll, and it is argued that this is a debt due to the ward. It is not claimed that there is any method by which the ward can collect this

tax, either by suit or otherwise.   On the contrary, it seems to be admitted that it cannot.   There is nothing to indi-cate that it has power to expend or otherwise dispose of the money if it could collect it.   The city treasurer collects the taxes, and the law directs what disposition shall be made of them; i. e., for city purposes.   Clearly this money does not belong to, and this tax is not a debt to, the ward.   Whether there are places where wards may be said to be entitled to sue under this statute, we cannot say, though it is within legislative power to create such. In this case these taxes were a debt due to the city, and the action was properly brought.

Judgment affirmed.

The other Justices concurred.